Frequently an offense is committed which no one knows of but the prosecutor. What the accused has done may not amount completely to the crime charged against him, but yet affords good ground for a prosecution. If a man prosecutes under these circumstances, and the party indicted be acquitted and sue the prosecutor for a malicious prosecution, and what the defendant swore on the trial cannot be given in evidence for him, no one who was the only witness of the offense would dare to prosecute for the public. Prosecutions would be discouraged and many offenders escape punishment. Had any other witness sworn to the same facts and circumstances, it might be improper to admit this testimony; but as there is no other, the evidence should be received.
It was received, and the trial proceeded.
It appeared in evidence that Moody had undertaken to build an house for the defendant, who procured some tools for the purpose, which Moody worked with. They disagreed, and Moody went off to work for another man who lived in the neighborhood. Pender locked up the tools in a chest in a house at some distance from his dwelling-house; Moody came there in the evening when Pender was absent, broke open the chest, and carried away the tools; he called with them at the house of the defendant's brother and stayed there all night, and next day carried the tools with him to the place where he was building for the other person before mentioned, who lived about five miles from Pender. *Page 48 
A few days afterwards there was a meeting at Pender's, at which Moody was, and there Pender told him if he did not bring back the tools, he would make him pay for them; to which Moody replied, "Well, I can bring them back," and soon afterwards did bring them back. At the next term of the county court, Pender stated to the county solicitor that Moody had come to his plantation in a clandestine manner, broken the chest and carried the tools away, and afterwards returned them, upon being threatened by him; and said if these facts could support an indictment for petty larceny, he would prosecute. The county solicitor thought such an indictment might be supported upon those facts, and a bill was preferred to the grand jury for petty larceny, which they found; Moody was arrested, tried, and acquitted. A long argument now took place respecting the law arising upon the several parts of this evidence.